IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RICHARD PURSE, D.O.<br><br>    v.<br><br>DARWIN SELECT INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 13-1788 |
|---|---|

MEMORANDUM AND ORDER

**Baylson, J.**                                                                                       June 26, 2013

      Plaintiff filed this action under the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. Ann. § 7531, against Darwin Select Insurance Company ("Darwin") in the Bucks County Court of Common Pleas. Plaintiff seeks a declaratory judgment that under state law, Darwin owed him a duty to defend and to indemnity him against claims of medical professional liability, brought in a separate state court lawsuit. Darwin removed the action to this Court pursuant to its diversity jurisdiction, and then filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff filed a Motion for Remand, presently before this Court.

      The controlling case for deciding whether remand is appropriate is *State Auto Ins. Cos. v. Summy*, 235 F.3d 131 (3d Cir. 2000).

      The present case is similar to *Summy*. The question presented by Plaintiff's Complaint is whether the insurer, Darwin, owes Plaintiff a duty to defend and/or indemnify under Pennsylvania law. This appears to be an unsettled question in Pennsylvania because the facts are unique – Plaintiff was an employee of a company with which Darwin had an insurance policy, and Darwin cancelled the policy when the company went out of business. Whether Darwin owes Plaintiff a duty to defend and/or indemnify in these circumstances does not appear to be squarely answered by any outstanding Pennsylvania authority. (See Pl. Motion for Remand at 7-8 (arguing "[t[here is

no case law in the Commonwealth of Pennsylvania that speaks to this exact issue") (ECF 5); Def. Motion at 11 (conceding "the state law is not 'firmly established'" on the question presented by Plaintiff's Complaint) (ECF 8)). Courts in this District have applied *Summy* to decline exercising jurisdiction when the underlying state law question was unsettled. *See General Cas. Co. of Wisconsin v. Guzikowski*, 2011 WL 10654018, at *4 (E.D. Pa. Dec. 09, 2011) ("Like *Summy*, the instant case does not implicate any federal interest. . . . In addition, it appears that the language of the specific exclusion to pollution exemption clauses in this case has not been decided upon by the Pennsylvania courts; therefore, it is a state law issue that would be ripe for state court consideration. . . . The fact that this case is purely a matter of state law involving an apparent novel issue, and no federal interest is implicated, weighs strongly in favor of dismissal.").

The undersigned recently applied *Summy* to decline exercising jurisdiction in a federal declaratory judgment action, when the underlying state law question *was* relatively settled. *See Allstate Ins. Co. v. Manilla*, 2012 WL 1392559, at *2-3 (E.D. Pa. Apr. 20, 2012) (Baylson, J.) ("The Court finds that the state court is well positioned to decide the Pennsylvania law issue in question, in view of the state court's customary role as interpreter of state law and the fact that it is already adjudicating the underlying action. . . . Although unlike in *Summy*, Plaintiffs argue that the state law question at hand is well settled, this alone does not overcome the array of factors weighing heavily in favor of dismissal.").

Finally, although there is not a pending state court action here as there was in *Summy* and in *Manilla*, that is because Defendant *removed* the state court action that Plaintiff originally filed in the Bucks County Court of Common Pleas to this Court.

An appropriate Order follows.

O:\FORMS\ORDER - .docx